## EMPORIA LOAN & INVESTMENT COMPANY v. REES.
### No. 797.

Circuit Court of Appeals, Tenth Circuit.

Sept. 14, 1933.

For original opinion, see 66 F.(2d) 225.

Gilbert H. Frith and O. R. Stites, both of Emporia, Kan., and Douglas Hudson, of Fort Scott, Kan., for appellant.

Oliver T. Atherton, of Emporia, Kan., and Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Margaret McGurnaghan, and Ralph M. Hope, all of Topeka, Kan., for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and POLLOCK, District Judge.

PHILLIPS, Circuit Judge.

Counsel for the Investment Company urge that under the pleadings the court should have instructed the jury to allow as an offset the value of certain bonds held by it as collateral for the debt of the Trusler Company and surrendered by the Investment Company to the Trusler Company at the time of the preferential payment. The difficulty with counsel's position is that this record does not disclose that counsel either requested such an instruction or excepted to the failure of the court to so instruct.

Counsel for the Investment Company further contend that the judgment should have been without prejudice to the right of the Investment Company to file a claim as a creditor for its debt. If a creditor, who has received a preference, surrenders it to the trustee, even after litigation and in response to a judgment that the trustee recover the preference, such creditor is then entitled to file a claim for his debt against the bankrupt's estate. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 S. Ct. 443, 49 L. Ed. 790; Wilkinson v. Livingston (C. C. A. 8) 45 F.(2d) 465. Without the judgment so providing, the Investment Company may, on restoring to the trustee the amount of the preferential payment in accordance with the judgment, file and prove a claim for its debt and assert its rights, if any it has, to the collateral surrendered.

Petition denied.